NOT FOR PUBLICATION                                                                                      CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LILLIAN DONAWAY, : | |
| : | |
| Plaintiff, : | |
| v. : | CIVIL ACTION NO. 09-3386 (JLL) |
| : | |
| TRUSTEES OF THE JOINT PENSION : | |
| FUND LOCAL UNION 164 IBEW, : | OPINION |
| : | |
| Defendant. : | |

**LINARES**, District Judge.

Pending before this Court are Plaintiff's motion for summary judgment (Dckt. Entry No. 21) and Defendant's motion to dismiss Plaintiff's complaint or, in the alternative, for summary judgment (Dckt. Entry No. 24). The Court has considered the papers submitted in support of and in opposition to the motions. No oral argument was held. Fed. R. Civ. P. 78. For the reasons stated below, Plaintiff's motion is DENIED and Defendant's motion is GRANTED.

## I.      BACKGROUND

The following facts are not in dispute unless otherwise noted. Defendant the Joint Pension Fund, Local Union 164, International Brotherhood of Electrical Workers (the "Fund" or "Defendant") is subject to the Employee Retirement Income Security Act of 1974 ("ERISA"). (Def.'s Rule 56.1 Stmt. of Undisputed Mat'l Facts ¶ 1 [hereinafter "Def.'s Stmt. of Facts"].) Employees covered by the collective bargaining agreement negotiated by Local 164, International Brotherhood of Electrical Workers are the participants in the Fund's plan of benefits. (Id. at ¶ 2). The Plaintiff, Mrs. Lillian Donaway, is the surviving spouse of Donald Donaway, a former electrician and Fund participant. (Id. at ¶¶ 13, 37, & 39). Through this action, Plaintiff seeks survivor pension benefits from the Fund as the surviving spouse of Donald Donaway.

1

The Donaways completed the Fund's Pension Application on June 1, 2003. (Id. at ¶ 22). On or about August 5, 2003, the Fund mailed a pension statement to Donald Donaway. (Id. at ¶ 26). On August 11, 2003, the Fund mailed an "option form" to Donald Donaway. (Id. at ¶ 28). Lillian Donaway, at the direction of Donald Donaway, completed the Fund's pension election form, by hand, on August 15, 2003, in their home. (Id. at ¶ 34). The Donaways elected the Full Annuity Form of pension benefits by checking the box on the form for option "C." (Id.) The language of these forms is particularly relevant to the Plaintiff's claims.

The four page Option Form begins with the following language:

> Under the rules and regulations of the Pension Plan, all pensions must be paid in the form of Husband and Wife Pension, unless a participant and spouse elect not to receive pension benefits in such a form. If you select the Husband and Wife Pension, you will receive lifetime pension benefits plus a lifetime pension benefit for your spouse that starts the following month after your death. The monthly amount paid to your spouse is ¾ of the monthly amount being paid to you.

(Id. at ¶ 29).[1]

The Option Form also contains a description of the pension benefit options. With respect to the Husband and Wife Pension option, the form states that "[i]f you elect to retire under the Husband and Wife Pension, you will receive a reduced benefit of $2,554.01 per month for your lifetime, with $1,915.50 payable to your eligible surviving spouse. To make this selection, check **Box A** on page three of this form [emphasis in the original]." (Id. at ¶ 31). The third page of the Option Form is the actual election section. (Id. at ¶ 32). "Option A" states as follows: "I **do wish** to receive my pension benefits in the form of a Husband and Wife Pension [emphasis in original]." (Id.). "Option C" states as follows: "I **do wish** to receive my pension benefits in the Full Annuity Form. **Thus I am rejecting the Husband and Wife Pension**. I understand I may be eligible for the Post-Retirement Guaranteed Payments. [emphasis in original]." (Id.).[2]

---

[1] Although the parties dispute that this is the actual language contained in the relevant form, a review of the entire record reveals that Defendant's representation is accurate. In fact, this language clearly appears in an exhibit that Plaintiff's counsel himself attaches is support of Plaintiff's motion for summary judgment. (See Declaration of David W. New in Support of Plaintiff's Motion for Summary Judgment at Exhibit "D" *Option Form*.)

[2] Plaintiff's counsel again disagrees and states that "the option form is not multi-paged. The quoted language does not appear on the option page." (Pl. Resp. to Def.'s Stmt. of Facts at ¶ 32.) Again, after a review the entire record before this Court, in particular the Declaration of David W. New in Support of Plaintiff's Motion for Summary Judgment at Exhibit "D," the Court determines that Plaintiff is incorrect. First, the Option Form is clearly multi-

2

Box "C" on the form is checked. (Id. ¶ 34). Box "C" provides that: "I **do wish** to receive my pension benefits in the Full Annuity Form. **Thus I am rejecting the Husband and Wife Pension** [emphasis in original]. I understand I may be eligible for the Post-Retirement Guaranteed Payments. [emphasis in original]." (Id.). Both Donald Donaway and Lillian Donaway signed the Election Form. (Pl.'s Rule 56.1 Stmt. of Undisputed Mat'l Facts ¶ 18 [hereinafter "Pl.'s Stmt. of Facts"].) The Election Form was notarized. (Id. ¶ 18).

## II. LEGAL STANDARD

A court shall grant summary judgment under Rule 59(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." On a summary judgment motion, the moving party first must show that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. Id. at 324. The non-moving party must offer specific facts that establish a genuine issue of material fact; the non-moving party may not simply rely on unsupported assertions, bare allegations, or speculation. See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999). Also, the Court must consider all facts presented and the reasonable inferences drawn from them in the light most favorable to the non-moving party. See Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

## III. DISCUSSION
### a. Claim One – Failure to Comply with ERISA § 205 (a)

The requirements for joint and survivor annuity benefits are set forth in 29 U.S.C. § 1055. Section 1055(c) (1) states:

A plan meets the requirements of this section only if –

(A) under the plan, each participant –

---

paged. Second, this above referenced quote is accurate. Third, to the extent that Plaintiff argues that this language does not appear on the exact same page of the document as the actual "check boxes" for election, the Court finds this to be a distinction without a difference.

>    (i) may elect at any time during the applicable election period to waive the qualified joint and survivor annuity form of benefit or the qualified preretirement survivor annuity form of benefit (or both),
>
>    (ii) if the participant elects a waiver under clause (i), may elect the qualified optional survivor annuity at any time during the applicable election period, and
>
>    (iii) may revoke any such election at any time during the applicable election period, and
>
>    (B) the plan meets the requirements of paragraphs (2), (3), and (4).

29 U.S.C. § 1055(c). Section 1055(c)(2) provides that any election under § 1055(c)(1)(A)(i) is only effective if

>    (A) (i) the spouse of the participant consents in writing to such election, (ii) such election designates a beneficiary (or a form of benefits) which may not be changed without spousal consent (or the consent of the spouse expressly permits designations by the participant without any requirement of further consent by the spouse), and (iii) the spouse's consent acknowledges the effect of such election and is witnessed by a plan representative or a notary public, . . .

Id. at § 1055(c)(2). Finally, Section 1055(c)(6) further provides that "[i]f a plan fiduciary acts in accordance with [the fiduciary requirements of ERISA] in . . . relying on a consent or revocation . . . then such consent, revocation, or determination shall be treated as valid for purposes of discharging the plan from liability to the extent of payments made pursuant to such Act." Id. at § 1055(c)(6). Thus, so long as a spouse's waiver conforms on its face to the requirements set forth in § 1055, the waiver will bar any claim for survivor annuity benefits under § 1132(a)(1).

Here, the waiver on its face conforms with ERISA. Under the Plan, Mr. Donaway had the option to waive the joint and survivor annuity form of benefit. The Option Form is in writing and lists each of the options by which Mr. Donaway's fund benefits may have been paid. (See Declaration of David W. New in Support of Plaintiff's Motion for Summary Judgment at Exhibit "D" *Option Form*.) By choosing "Option C" the Donaways elected to receive the Full Annuity Form and rejected the Husband and Wife Pension. Both Plaintiff and Mr. Donaway signed the Option Form. The Option Form was notarized. Therefore, each of the requirements of Section 1055(c)(2) of ERISA having been satisfied and since there are no viable allegations that the Plan

4

or its administrator had any actual knowledge of fraud, coercion, or any other reason for invalidity of the spousal waiver executed by the Donaways, the administrator was statutorily obligated to rely on the waiver of spousal rights.[3]  Thus, because the Court finds that the Defendant properly obtained Plaintiff's waiver of survivorship benefits, Plaintiff's motion for summary with respect to Claim One is DENIED and Defendant's motion for summary judgment with respect to Claim One is GRANTED.

### b. Claim Two – Breach of Fiduciary Duty to Comply with Section 5.03(A) of the Fund's Rules and Regulations

Plaintiff argues that Defendants' failure to obtain her informed consent, as required by Section 5.03(a) of the Plan, constitutes a breach a of Defendants' fiduciary duty under ERISA Section 404(a)(1)(D).  For the reasons stated above, the Court finds that the Fund administrator properly obtained Plaintiff's waiver of survivorship benefits.  Therefore, Plaintiff's motion for summary judgment with respect to Claim One is DENIED and Defendant's motion for summary judgment with respect to Claim One is GRANTED.

### c. Claim Three – Breach of Fiduciary Duty to Comply with the Fund's Summary Plan Description

Plaintiff claims that Defendants' breached their fiduciary duty under ERISA Section 404(a)(1)(D) by failing to set forth the reasons for the Trustees' denial of her appeal.  ERISA allows only beneficiaries, participants, and fiduciaries to bring a civil action against a plan or its administrator.  See also Franchise Tax Bd. v. Laborers Vacation Trust, 463 U.S. 1, 25 (1983) (observing that ERISA carefully limits the parties entitled to sue there under to participants, beneficiaries, and fiduciaries).  A spouse who executes a valid spousal waiver abdicates his or her rights as a potential beneficiary. Vilas v. Lyons, 702 F. Supp. 555, 563 (D. Minn. 1988).  Therefore, since the Court has determined that Plaintiff executed a valid waiver, Plaintiff is not one of those persons (i.e., beneficiary, participant, or fiduciary) entitled to sue under ERISA.  As

---

[3] To the extent that Plaintiff argues that she was only acting as her husband's scrivener and, therefore, did not know understand the significance of her signature, such an argument does not rise to the level of fraud or coercion as contemplated by the relevant case law.  At best, Plaintiff asks the Court to consider Plaintiff's intent which this Court is not permitted to do.  See Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan, 129 S. Ct. 865, 875 (2009) ("ERISA forecloses any justification for enquiries into nice expressions of intent, in favor of the virtues of adhering to an uncomplicated rule.")

such, Plaintiff's motion for summary with respect to Claim Three is DENIED and Defendant's motion for summary judgment with respect to Claim Three is GRANTED.

### IV. CONCLUSION

For the aforementioned reasons, Plaintiff's motion is DENIED in its entirety and Defendant's motion is GRANTED in its entirety. An appropriate order shall accompany this opinion.


DATED:      July 30, 2010                         s/ Jose L. Linares               
                                                  UNITED STATES DISTRICT JUDGE